UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:                                                                   Case No. 07-32765

    TIMOTHY B. FROCK and,                        Chapter 13

    CHERYL L. FROCK,
                    Debtors.

**FILED**

**MAY 2 0 2008**

OFFICE OF THE BANKRUPTCY CLERK
SYRACUSE, NY

APPEARANCES:

HARRIS LAW OFFICE PLLC                          JESSICA G. GRADY, ESQ.
Attorney for Timothy & Cheryl Frock
4199 East Genesee Street
Syracuse, New York 13214

CHAPTER 13 TRUSTEE                              MARK W. SWIMELAR, ESQ.
250 South Clinton Street                        Standing Chapter 13 Trustee
Suite 203                                       LYNN HARPER WILSON, ESQ.
Syracuse, New York 13202                        Staff Attorney for Chapter 13 Trustee

MARGARET CANGILOS-RUIZ, U.S. BANKRUPTCY JUDGE

## MEMORANDUM-DECISION AND ORDER

      The chapter 13 trustee ("Trustee") objects to confirmation of the plan proposed by Timothy B. Frock and Cheryl L. Frock ("Debtors"), under section 1325 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2008), ("Code"). Trustee's objection is that Debtors are not committing all of their "projected disposable income" during the applicable commitment period under the plan to pay unsecured creditors.[1] Specifically, Trustee cites Debtors' failure to "net out" their income tax refund against the taxes withheld from their paychecks. The concomitant result would be to reduce Debtors' tax expense to what is actually paid and thereby

---

[1] This case has been carried with another case, *In re Riggins*, No. 07-32167, ("*Riggins*"). These cases were not formally joined on the record for purposes of issuing a decision, but were adjourned and carried together. Ms. Grady of The Harris Law Office serves as Debtors' counsel in both cases. Counsel and the Trustee submitted memoranda of law in *Riggins* but not in this case.

increase the monthly disposable income calculated on their Form 22C.[2] This memorandum-decision incorporates the court's findings of fact and conclusions of law as permitted by Fed. R. Bankr. P. 7052, made applicable by Fed. R. Bankr. P. 9014.

## JURISDICTIONAL STATEMENT

The court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(L).

## FACTS

Debtors filed for relief under chapter 13 of the Bankruptcy Code on October 30, 2007. Debtors are "above the median" debtors, requiring a plan commitment period of 60 months.[3] Debtors calculated their monthly disposable income on Form 22C as $58.72 and their monthly net income on Schedule J as $292.33. The difference between the two calculations is Debtors' treatment of their tax expense and income. On Line 30 of Form 22C, Debtors listed $973.34 for "Other Necessary Expenses: taxes." Line 13 of Debtors' Schedule I listed the amount of $293.17 as other monthly income under the heading "Tax Refund." Debtors propose plan payments of $335.00 per month, funded by income which includes their tax refund.

## DISCUSSION

The court finds that Trustee's objection here is identical to his objection in *Riggins*. In accordance with the reasoning sustaining Trustee's objection in *Riggins* and tailored to the current facts presented by this objection, the court finds that if Debtors are able to propose plan

---

[2] Official Form 22C, "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income," which was first introduced by the 2005 amendments to the Code known as the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

[3] Whether or not a debtor is "above the median" or "below the median" is determined by calculations made on Form 22C. Form 22C calculates the applicable commitment period for a chapter 13 plan pursuant to Code § 1325(b)(4). Based upon the size of a debtor's household, a debtor inputs the applicable median family income for a family of comparable size (available at www.usdoj.gov/ust/ ) on line 16 of Form 22C and then determines if his or her income is above or below the amount indicated on line 16. For debtors whose income is below the applicable median family income, the applicable commitment period is 3 years, and for debtors whose income is above the applicable median family income, the applicable commitment period is 5 years. 11 U.S.C. § 1325(b)(4).

2

payments based upon monthly net income attributable to tax refunds reported on Schedule I, then Debtors can also incorporate the reporting of tax refunds to offset tax expenses on Form 22C. Both forms should portray income and expenses as accurately as possible to assist the inquiry into whether Debtors are proposing to pay all of their projected disposable income to unsecured creditors.

Accordingly, insofar as Trustee's objection is related to Debtors' completion of Form 22C, the objection is sustained. Confirmation on the present record is denied without prejudice to Debtors submitting an amended Form 22C and/or amended Schedules I and J to more accurately reflect Debtors' actual expenses and income, and/or an amended plan to resolve Trustee's objection.

**SO ORDERED.**

Dated: May 20, 2008
Syracuse, New York

Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge

3